Print Form

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## APPLICATION FOR AND WRIT OF EXECUTION
## FINANCIAL INSTITUTION

**APPLICATION**

To the United States District Court for the District of Connecticut at | Hartford |, Connecticut, in connection with a judgment entered on | 12/06/2023 |. Docket No. | 3:23-MC-00113 | ), Case name: | Paul J. Spinner v. John Acunto, et al |

NAME AND ADDRESS OF JUDGMENT CREDITOR MAKING APPLICATION:

| Paul Spinner c/o Alan Woodard, Asset Management Services, LLC, 755 Grand Boulevard, Suite B 105-300, Miramar Beach, FL 32550 |

NAME(S) AND ADDRESS(ES) OF JUDGMENT CREDITOR(S):

| Paul Spinner c/o Alan Woodard, Asset Management Services, LLC, 755 Grand Boulevard, Suite B 105-300, Miramar Beach, FL 32550 |

NAME(S) AND ADDRESS(ES) OF JUDGMENT DEBTOR(S):

| John Acunto  635 Springer Road, Fairfield, CT 06824-7244 |

| | |
|---|---|
| AMOUNT OF JUDGMENT: | $ 375,000.00 |
| AMOUNT OF COSTS: | $ 290.00 |
| AMOUNT OF INTEREST (if applicable): | $ 21,112.50 |
| TOTAL JUDGMENT AND COSTS: | $ 396,402.50 |
| TOTAL PAID ON ACCOUNT: | $ 0.00 |
| TOTAL UNPAID JUDGMENT: | $ 396,402.50 |

IF JUDGMENT DEBTOR IS A NATURAL PERSON:
IS THIS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL?
(●) No   ( ) Yes

IF THIS IS A JUDGMENT ARISING OUT OF SERVICES RENDERED AT A HOSPITAL, HAS A STAY OF A FINANCIAL INSTITUTION EXECUTION BEEN ENTERED PURSUANT TO AN INSTALLMENT PAYMENT ORDER?
( ) No   ( ) Yes

IF A STAY OF A FINANCIAL INSTITUTION EXECUTION HAS BEEN ENTERED, HAS THE JUDGMENT DEBTOR DEFAULTED ON AN INSTALLMENT PAYMENT ORDER?
( ) No   ( ) Yes   (Specify) |                    |

| [signature] | 12/7/2023 |
|---|---|
| Signature of Attorney or Party Making Application | Date |

| Houston Putnam Lowry | ct05955 |
|---|---|
| Printed Name | Bar Number |

| 280 Trumbull Street, Floor 22 | 860-808-4213 |
|---|---|
| Street Address | Phone Number |

| Hartford, CT 06103 | ptl@hplowry.com |    (Rev. 5/6/08)
|---|---|
| City/State/Zip | Email Address |

**NOTE:** *The provisions of section 52-367b, as amended from time to time, take precedence over these instructions.*

## INSTRUCTIONS TO FINANCIAL INSTITUTION UPON RECEIPT OF A FINANCIAL INSTITUTION EXECUTION WHEN JUDGMENT DEBTOR IS A NATURAL PERSON

1. If any funds are removed from the judgment debtor's account pursuant to subsection (c) of section 52-367b of the general statutes, complete section II of the Exemption Claim Form and send, forthwith, 2 copies of both this form and the Exemption Claim Form to the judgment debtor and to any secured party that is a party to a control agreement between you and such secured party under article 9 of title 42a of the general statutes, postage pre-paid, at the last known address of the judgment debtor and of any such secured party with respect to the affected accounts on the records of your institution.

2. Remove from the judgment debtor's account the amount of any debts due from you to the judgment debtor not exceeding the Total Amount Unpaid as appears on page 1 of this form plus interest and other court ordered postjudgment costs or fees and the serving officer's fee, before your midnight deadline, as defined in section 42a-4-104 of the general statutes. If electronic direct deposits that are readily identifiable as exempt federal veterans' benefits, social security benefits, including, but not limited to, retirement, survivors' and disability benefits, supplemental security income benefits or child support payments processed and received pursuant to Title IV-D of the Social Security Act were made to the judgment debtor's account during the thirty-day period preceding the date that the execution was served on you, you shall leave the lesser of the account balance or one thousand dollars in the judgment debtors' account; provided nothing in this subsection shall be construed to limit your right or obligation to remove such funds from the debtor's account if required by any other provision of law or by a court order. The judgment debtor shall have access to such funds left in the judgment debtor's account. You may notify the judgment creditor that funds have been left in the judgment debtor's account pursuant to this provision. Nothing herein shall alter the exempt status of funds which are exempt from execution under subsection (a) of section 52-367b of the general statutes or under any other provision of state or federal law, or the right of a judgment debtor to claim such exemption. Nothing herein shall be construed to affect any other rights or obligations of the financial institution with regard to the funds in the judgment debtor's account.

3. You must hold the amount removed from the judgment debtor's account pursuant to this execution for fifteen days from the date you mail the copies of this form and the Exemption Claim Form to the judgment debtor and any secured party. During such fifteen day period you must not pay the officer serving this execution.

4. If the judgment debtor returns the Exemption Claim Form or other written notice that an exemption is being claimed, and if any secured party delivers to you written notice of such secured party's claim of a prior perfected security interest in such deposit account, you must, within two business days of receipt of such notice, send a copy of such notice to the clerk of the court which issued the execution. You must continue to hold the amount removed from the judgment debtor's account for forty-five days or until a court order is received regarding disposition of the funds, whichever occurs earlier. If no order is received within forty-five days of the date you send a copy of the Exemption Claim Form or notice of exemption or a secured party claim notice to the clerk of the court, you must return the funds to the judgment debtor's account.

5. If you do not receive a claim of exemption or secured party claim notice within fifteen days of the mailing to the judgment debtor and any secured party of the execution and Exemption Claim Form you must, upon demand, forthwith pay the serving officer the amount removed from the judgment debtor's account.

6. if no exemption claim or secured party claim notice is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgement creditor(s) named in the execution for the amount of nonexempt monies which you fail or refuse to pay over. If no exemption claim is filed or if the court orders you to pay the serving officer an amount removed from the judgment debtor's account not exceeding the amount due on the execution and you fail or refuse to do so, you shall be liable in an action therefor to the judgment creditor(s) name in the execution for the amount of nonexempt monies which you fail or refuse to pay over, excluding funds of up to one thousand dollars which you in good faith allowed the judgment debtor to access pursuant to subsection (c) of section 52-367b of the general statutes.

7. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid. If you pay exempt monies from the account of the judgment debtor contrary to these instructions, or the provisions of section 52-367b of the general statutes, you shall be liable in an action therefor to the judgment debtor for any exempt monies so paid and you shall refund or waive any charges of fees by you, including, but not limited to, dishonored check fees, overdraft fees or minimum balance service charges and legal process fees, which were assessed as a result of such payment of exempt monies.

## INSTRUCTIONS TO FINANCIAL INSTITUTION UPON RECEIPT OF A FINANCIAL INSTITUTION EXECUTION WHEN JUDGMENT DEBTOR IS NOT A NATURAL PERSON

1. You must remove from the judgment debtor's account the amount of any debts due from you to the judgment debtor not exceeding the Total Amount Unpaid as appears on page 1 of this form, plus interest and court ordered postjudgment costs or fees and the serving officer's fee.

2. Except as provided in #4 below, you must immediately pay to the serving officer the amount removed from the judgment debtor's account. Nothing herein shall be construed to affect any other rights or obligations of the financial institution with regard to the funds in the judgment debtor's account.

3. You must act on this execution according to section 42a-4-303 of the general statutes, before your midnight deadline.

4. If the deposit account is subject to a security interest of a secured party, other than you, pursuant to a control agreement between you and such secured party under article 9 of title 42a, and if any funds removed from the judgment debtor's account pursuant to subsection (c) of section 52-367a of the general statutes you shall forthwith mail a copy of the execution when received from the serving officer, postage prepaid, to the judgment debtor and to such other secured party at the last known address of such parties with respect to the affected accounts on your records. You shall hold the amount removed from the judgment debtor's account for twenty days from the date of the mailing to the judgment debtor and such other secured party, and during such period you shall not pay the serving officer. Such other secured party shall give notice of its prior perfected security interest in such deposit account, by delivering to the clerk of the court that issued the execution a written claim for determination of interests in property pursuant to section 52-365c and by delivering a copy of such claim to the financial institution upon which such execution is served.

5. If a written claim for determination of interests in property is made pursuant to subsection (e) of section 52-367a of the general statutes, you shall continue to hold the amount removed from the judgment debtor's account until a court order is received regarding disposition of the funds. If no written claim for determination of interests in property is made you shall, upon demand, forthwith pay the serving officer the amount removed from the judgment debtor's account, and the serving officer shall thereupon pay such sum, less such serving officer's fees, to the judgment creditor, except to the extent otherwise ordered by a court.

**FINANCIAL INSTITUTION EXECUTION**

**TO ANY PROPER OFFICER:**

Whereas on said Date of Judgment the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) before the above-named court for the amount of damages, costs and fees stated above, as appears on record, whereof execution remains to be done. These are, therefore, by AUTHORITY OF THE UNITED STATES TO COMMAND YOU:

○ **IF JUDGMENT DEBTOR IS A NATURAL PERSON**

Within seven days from your receipt of this execution, make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such a branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you pursuant to section 52-367(b) of the general statutes of any nonexempt debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment from its date until the time when this execution shall be satisfied, plus your own fee. After having made such demand you are directed to serve a true and attested copy of this execution, together with the attached affidavit and exemption claim form, with your doings endorsed thereon, with the financial institution officer upon whom such demand was made. Said sum shall be received by you and applied on this execution in accordance with the provisions of section 52-367(b) of the general statutes. You may not serve more than one financial institution execution per judgment debtor at a time. If you have made an initial demand within the seven-day period, and have been informed by the financial institution that the Judgment Debtor had insufficient funds at that financial institution available for collection to satisfy the judgment, you may make additional demands on the main office of other financial institutions or employees of other branch offices as directed herein, provided any such additional demand is made not later than forty-five days from your receipt of this execution.

○ **IF JUDGMENT DEBTOR IS NOT A NATURAL PERSON**

Make demand upon the main office of any financial institution having its main office within your county, or if such main office is not within your county and such financial institution has one or more branch offices within your county, upon an employee of such branch office, such employee and such branch office having been designated by the financial institution in accordance with regulations adopted by the commissioner of banking, for payment to you of any debt due said Judgment Debtor(s), which sum shall not exceed the total unpaid judgment, costs and fees as stated above, plus post judgment interest on the unpaid amount of said judgment, from its date until the time when this execution is satisfied, plus your own fees. Said sum shall be received by you and applied on this execution. After having made such demand you are directed to serve a true and attested copy hereof, with your doings thereon endorsed, with the banking institution officer upon whom such demand was made.

HEREOF FAIL NOT, AND MAKE DUE RETURN OF THIS WRIT WITH YOUR DOINGS THEREON, ACCORDING TO LAW.

DATED AT _____ CONNECTICUT THIS _____ DAY OF _____, 20____.

DINAH MILTON KINNEY, CLERK BY:

_____ DEPUTY CLERK